*493
Curia, per

Evans, J.
For the correct understanding of this case, it is necessary I should state that Bohicket creek runs from the interior of the Island, a S. W. course, into the north branch of Edisto river, which separates John’s Island from Edisto Island. The Haul-over cut connects the creek with one of the inland passages to Charleston, thus giving to the inhabitants on the S. E. side of Edisto, and those of John’s Island, who live near the cut, or low down the creek, the most direct communication with Charleston. The relators reside near the head of the creek and have a much more direct and shorter passage, through New cut, and, therefore, do not, and have not, for many years, used the Haul-over cut. Under these circumstances they contend they are not liable to work on it. The earliest legislation in relation to this cut is the Act for opening it, passed in 1714, (7 Stat. 475,) by which certain persons on the S. E. side of Edisto, “and all the inhabitants on Bohickett creek, on John’s Island, to the plantation of the widow of Bourdieu, are required to work on this cut.” Some years afterwards, in 1721, (9 Stat. 53,) when all the laws in relation to roads and cuts were reduced into one Act, the Legislature again designated who were to work on it, but instead of using the same words as in the Act of 1714, viz: “all the inhabitants on Bohickett creek,” describes the persons who are to work, as “all the inhabitants, making use of the said cut or creek to come to Charleston, residing on and near Bohickett creek.” In 1751, another Act was passed for opening Watt’s, cut, on the western side of Edisto Island, by which a portion of those living on Edisto Island, who before were liable to wTork on Haul-over, were required to work on Watt’s cut; by reason whereof, as is recited in the Act of 1754, “the cutting, clearing and keeping in repair the said cut or creek, called the Haul-over, is become a great burthen on the inhabitants who are at present obliged to do the same.” To remedy this grievance, the Act of 1754 (7 Stat. 509,) was passed, by which the district on Edisto, whose inhabitants were in future to work on Haul-over cut, was enlarged ; but as to the inhabitants living on and near Bohickett creek, using precisely the same terms as in the Act of 1721, viz : “all the inhabitants making use of the said *494 cut or creek, to come to Charleston, residing on and near Bohickett creek.” These Acts, taken together, it seems to me, admit of but one construction, that after the cut had been opened, under the Act of 1714, by the labor of all the inhabitants on Bohicket creek, which it is probable had been done before the Act of 1721 was passed, no others of the inhabitants on the creek were intended by that Act to be compelled to work on it, except those who ‘'used the cut to come to Charleston.” This construction is confirmed by the fact that those who reside towards the head of the creek, as the relators do, have a much more direct and convenient passage to Charleston by the new cut. There are similar provisions in .relation to other cuts. Thus by the Act of 1751, (7 Stat. 508,) the inhabitants between Ashepoo and Pon Pon rivers, making use of any landing leading through New cut, are required to work on it; and all male persons making use of any landing on the north west of Wappoo creek, except such as are by law exempted, shall work on the said creek. A similar provision is to be «found in the Act of 1742, sec. 9, (in relation to the opening of Horse Shoe creek.) I am, therefore, of opinion the relators are not liable to work on the Haul-over cut, and the motion to reverse the decision of the Circuit Judge is dismissed.
O’Neall, Butler, Wardlaw and Frost, JJ. concurred.